UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER LYNN KRIEGER,<br><br>    Defendant. | Case No. 06-cr-40001-JPG |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on defendant's motion to change venue (Doc. 67), to which the government has responded (Doc. 69) and defendant replied (Doc. 72). For the following reasons, the Court will **DENY** Krieger's motion.

### BACKGROUND

On January 5, 2006, a grand jury returned an indictment charging Jennifer Lynn Krieger with knowingly and intentionally distributing diverse amounts of fentanyl (a "Duragesic Patch"), a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. 13). The indictment further charged that the fentanyl Krieger distributed to Jennifer Ann Curry caused Curry's death on November 23, 2005. (*Id*.). Because Krieger's case has received media attention, she requests a transfer of her case to the East St. Louis division for purposes of trial only. Among other things, Krieger notes that a picture of Ms. Curry played prominently in a television program focusing on West Frankfort Police Chief Mike Dinn's fight against prescription drug crimes.

### ANALYSIS

Federal Rule of Criminal Procedure 21(a) requires a change of venue "if the court is

satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." *United States v. Nettles*, 476 F.3d 508, 513 (7th Cir. 2007).  Courts generally analyze prejudice for purposes of Rule 21(a) by looking at pretrial publicity.  *Id*.  Actual prejudice exists "when jurors can be shown to have exposure to pretrial publicity that prevents them from judging the case impartially[;] . . . presumed prejudice . . . occurs in cases surrounded by a 'carnival atmosphere,' where 'pervasive and inflammatory pretrial publicity' makes juror bias inevitable."  *Id*.   The ultimate question, "is whether it is possible to select a fair and impartial jury."

Krieger's concerns about pre-trial publicity are not sufficient to merit a transfer to the East St. Louis Division.  First, there is, of course, no evidence of actual prejudice at this point.  Second, the "carnival atmosphere" mentioned in *Nettles*, which can give rise to an inference of prejudice, is not present in this case.  Counsel's main objection appears to be the report on Dinn's activities on the local news.  While this report might have the potential to poison the minds of some potential jurors, the Court believes a carefully conducted voir dire adequately addresses this concern.  What is more, the geographic size of the area from which the venire is drawn insures that very few if any potential jurors will have actually heard of Ms. Krieger or Ms. Curry.

## CONCLUSION

The Court **DENIES** (Doc. 67) Krieger's motion.

**IT IS SO ORDERED.**

**DATED: August 8, 2007**

　　s/ J. Phil Gilbert  
　　J. PHIL GILBERT  
　　DISTRICT JUDGE